**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DITECH FINANCIAL LLC,**
*formerly known as* **GREEN TREE SERVICING LLC,**

       **Plaintiff,**

 vs.             5:15-cv-1455
                 (MAD/TWD)

**DEVON STERLY,** *also known as*
**DEVON BAILEY; SYNCHRONY
BANK,** *formerly known as* **GE CAPITAL
BANK,** *formerly known as* **GE MONEY
BANK,**

       **Defendants.**
_____

**APPEARANCES:**         **OF COUNSEL:**

**GROSS POLOWY, LLC**      **AMY E. POLOWY, ESQ.**
Williamsville Office
1775 Wehrle Drive, Suite 100
Williamsville, New York 14221
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Ditech Financial LLC ("Plaintiff") commenced this action on December 8, 2015 pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL") to foreclose a mortgage encumbering 4523 Broad Road, Syracuse, New York 13215, together with the land, buildings, and other improvements on the property (the "Mortgaged Property"). *See* Dkt. No. 1 ¶ 1. Defendants Devon Sterly, also known as Devon Bailey ("Defendant Sterly"), and Synchrony Bank, formerly known as GE Capital Bank, formerly known as GE Money Bank ("Defendant Synchrony Bank"), (collectively, "Defendants") have not appeared in this action.

Currently before the Court is Plaintiff's motion for default judgment and for judgment of foreclosure and sale of the Mortgaged Property. *See* Dkt. No. 20.

## II. BACKGROUND

According to Plaintiff's complaint, on or about August 30, 2006, Defendant Sterly executed and delivered a note promising to pay $210,600.00 plus interest. *See* Dkt. No. 1 ¶ 9. Defendant Sterly also executed and delivered a mortgage on the property as security for payment of the note. *Id.* ¶ 10. Through a series of assignments, the mortgage was ultimately assigned to Plaintiff.[1] *Id.* ¶¶ 11-12; Dkt. No. 3 at 23-25. Defendant Sterly failed to make the payment due on August 1, 2009 and further failed to make all subsequent payments. *See* Dkt. No. 1 ¶ 13. Plaintiff chose to accelerate the payments pursuant to the terms of the note and mortgage. *See id.* ¶ 13; Dkt. No. 1 at 7. Plaintiff also claims that Defendant Synchrony Bank holds a lien encumbering the Mortgaged Property that is subject and subordinate to Plaintiff's mortgage. *See id.* ¶ 4.

Plaintiff claims that Defendant Sterly owes a principal balance of $203,826.88 with 6.75% interest accruing from July 1, 2009 ($37.69 per day). *Id.* ¶ 14; Dkt. No 21-8 at 2. In addition, Defendant Sterly owes late charges, monies advanced for taxes, inspection fees, insurance disbursements, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure. *See* Dkt. No. 1 ¶ 14. Plaintiff claims that it complied with the notice provisions of the mortgage and RPAPL § 1304 and filed the information required by RPAPL § 1306. *See id.* ¶ 17.

---

[1] The original lender was Countrywide Home Loans, Inc. *See* Dkt. No. 3 at 4. The mortgage was subsequently assigned to Bank of America, N.A. *See id.* at 23. Finally, the mortgage was assigned to Green Tree Servicing LLC, which is now known as Ditech Financial LLC. *See id.* at 25.

On January 6, 2016, Plaintiff filed with the Court affidavits of service, attesting that the summons and complaint, together with an RPAPL § 1303 notice, an RPAPL § 1320 notice, a debt validation letter, and a certificate of merit were properly served on Defendant Sterly. *See* Dkt. No. 9 at 1. Defendant Sterly was served on December 29, 2015 by a process server taping each of these documents to the door of Defendant Sterly's place of residence and by first class mailing them to her place of residence. *See* Dkt. No. 21-3 at 1. On December 28, 2015, Defendant Synchrony Bank was served by a process server delivering a copy of the summons, complaint, and certificate of merit on an agent authorized to accept service on behalf of Defendant Synchrony Bank. *See id.* at 3.

Although Defendants failed to respond to the complaint or otherwise formally appear in this action, Defendant Sterly's attorney filed a letter indicating that Defendant Sterly had surrendered the Mortgaged Property in a bankruptcy proceeding in 2010. *See* Dkt. No. 8. The letter also indicated that Defendant Sterly does not oppose the present foreclosure action, but Defendant Sterly's attorney asserted that there should be no deficiency judgment against her since her obligations under the note were discharged in bankruptcy. *See id.*

On February 12, 2016, Plaintiff requested that the Clerk of the Court enter a certificate of entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 11. On February 16, 2016, the Clerk of the Court entered the requested default. *See* Dkt. No. 12. Plaintiff now asks the Court for entry of default judgment and judgment of foreclosure and sale. *See* Dkt. No. 20.

### III. DISCUSSION
**A.    Default Judgment**

"Rule 55 sets forth a two-step process that first requires the entry of a default through a notation on the record that the party has defaulted, and then entry of a default judgment, which is

3

the final action in the case." *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 346 (E.D.N.Y. 2009) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993)). The court clerk must enter the default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In addition, Local Rule 55.1 requires that

> [a] party applying to the Clerk for a certificate of entry of default pursuant to Fed. R. Civ. P. 55(a) shall submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action as provided in the Federal Rules of Civil Procedure and (3) it has properly served the pleading to which the opposing party has not responded.

N.D.N.Y. Local Rule 55.1.

"After a default has been entered against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), a default judgment may be entered." *La Barbera*, 666 F. Supp. 2d at 347 (citing Fed. R. Civ. P. 55(b)). Further procedural requisites are imposed by Local Rule 55.2, requiring a party to submit the clerk's certificate of entry of default, a proposed form of default judgment, a copy of their pleading, and an affidavit setting forth the following:

> 1. The party against whom it seeks judgment is not an infant or an incompetent person;
>
> 2. The party against whom it seeks judgment is not in the military service, or if unable to set forth this fact, the affidavit shall state that the party against whom the moving party seeks judgment by default is in the military service or that the party seeking a default judgment is not able to determine whether or not the party against whom it seeks judgment by default is in the military service;

4

3. The party has defaulted in appearance in the action;

4. Service was properly effected under Fed. R. Civ. P. 4;

5. The amount shown in the statement is justly due and owing and that no part has been paid except as set forth in the statement this Rule requires; and

6. The disbursements sought to be taxed have been made in the action or will necessarily be made or incurred.

N.D.N.Y. Local Rules 55.2(a) - 55.2(b).

Here, Plaintiff has complied with the procedural requirements for default judgment. Plaintiff requested a certificate of default and met all the requirements in Fed. R. Civ. P. 55(a) and Local Rule 55.1, *see* Dkt. No. 11, and the Clerk of the Court entered the default on February 16, 2016, *see* Dkt. No. 12. Further, Plaintiff has complied with Fed. R. Civ. P. 55(b) and Local Rule 55.2(b). Plaintiff submitted the Clerk's entry of default, *see* Dkt. No. 21-4, a copy of the summons and complaint, *see* Dkt. No. 21-1, a proposed form of default judgment, *see* Dkt. No. 21-8, and affidavits setting forth all the requirements in Local Rule 55.2(a), s*ee* Dkt. Nos. 21-3, 21-6, 21-7. Plaintiff has sufficiently demonstrated that Defendants are not in military service or incompetent, and that service was proper under Fed. R. Civ. P. 4. *See* Dkt. No. 21-3 at 1-3; Dkt. No. 11 ¶ 6. Specifically, Defendant Sterly was properly served pursuant to Fed R. Civ. P. 4(e)(1) in conjunction with N.Y. C.P.L.R. ("CPLR") § 308(4),[2] and Defendant Synchrony Bank was

---

[2] CPLR § 308(4) provides that "nail and mail" service may be used when service under sections 308(1) and (2) could not be made with due diligence. *See* N.Y. C.P.L.R. § 308. "For the purpose of satisfying the 'due diligence' requirement of CPLR 308(4), it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment." *Serraro v. Staropoli*, 94 A.D.3d 1083, 1085 (2d Dep't 2012) (citation and internal quotation marks omitted). Here, the Court finds that service under CPLR § 308(4) was appropriate in this case and that the process server exercised due diligence. The process server attempted to serve Defendant Sterly numerous times and at various times during the day, including before and after regular work hours. *See* Dkt. No. 21-3 at 1. Likewise, the process server inquired with a neighbor about Defendant Sterly's place of employment. *See id.*

properly served pursuant to Fed. R. Civ. P. 4(e)(2)(C). *See* Dkt. No. 21-3 at 1-4. Having found that Plaintiff has complied with the procedural requirements for a default judgment, the Court will now consider the substance of Plaintiff's motion.

As long as a plaintiff meets the procedural requirements, "the decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). There are several factors that a court may consider when deciding a default judgment motion, including "whether plaintiff has been substantially prejudiced by the delay involved[] and whether the grounds for default are clearly established or are in doubt." *Id.* (citation and internal quotation marks omitted). "The [C]ourt is also guided by the same factors that apply to a motion to set aside entry of default: (1) whether the default was willful; (2) whether the plaintiffs would be prejudiced by the denial of the motion for default judgment; and (3) whether there are meritorious defenses to plaintiff's claims." *Id.* (citing *Percarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001)) (other citations omitted). The Court notes that "default judgments are disfavored" and that "[a] clear preference exists for cases to be adjudicated on the merits." *See Percarsky*, 249 F.3d at 175 (citing *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995)).

**B.     Mortgage Foreclosure**

"In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 Fed. Appx. 30, 32 (2d Cir. 2012) (citing *R.B. Ventures, Ltd. v. Shane*,

---

Moreover, the Court notes that Defendant Sterly's attorney indicated that Defendant Sterly actually received the summons, complaint, and other notices and that she does not oppose the present foreclosure action. *See* Dkt. No. 8 at 1.

112 F.3d 54, 59 n.2 (2d Cir. 1997)). The RPAPL also sets forth procedural requirements in sections 1303 (service of a statutory notice to mortgagor with the summons and complaint), 1304 (prior notice to mortgagor before a lender or assignee commences a legal action), 1306 (lender must file certain information with the superintendent of the New York State Department of Financial Services), 1320 (summons must contain a statutory notice), and 1331 (the filing of a notice of pendency). *See* N.Y. R.P.A.P.L. §§ 1303, 1304, 1306, 1320, 1331. Section 1331 of the RPAPL requires that "[t]he plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording." *Id.* § 1331. In addition, the notice of pendency must be filed with a copy of the complaint, unless the complaint has already been filed in that county. *See* N.Y. C.P.L.R. § 6511(a).

     Here, Plaintiff has met the common law requirements to foreclose its mortgage. Plaintiff has sufficiently demonstrated that Defendant Sterly executed a note secured by a mortgage on the Mortgaged Property, and that Defendant Sterly subsequently defaulted on that note. *See* Dkt. No. 1 ¶¶ 9-13; Dkt. No. 1 at 7. However, Plaintiff has not met all the procedural requirements set forth in Article 13 of the RPAPL. Plaintiff sent a prior notice pursuant to RPAPL § 1304, *see* Dkt. No. 21-6 at 4-5, and filed the information required by RPAPL § 1306, *see id.* at 12-13. Plaintiff also served, with the summons and complaint, notices pursuant to RPAPL § 1303 and § 1320. *See* Dkt. No. 21-3 at 1. Plaintiff also served a debt validation letter and a certificate of merit. *See id.* Plaintiff filed a notice of pendency pursuant to RPAPL § 1331 with the Onondaga County Clerk in the State of New York. *See* Dkt. No. 21-2 at 1. The notice states that a foreclosure action has been commenced against Defendants in the United States District Court for

the Northern District of New York.  *See id.*  However, there is no indication that Plaintiff filed the complaint with the notice of pendency as required by CPLR § 6511(a).  *See* Dkt. No. 14.  The only document attached to the notice of pendency is a legal description of the property, *see id.*, and Plaintiff has provided no proof that the complaint was filed with the notice of pendency.

The purpose of a notice of pendency is to provide constructive notice to a purchaser from any defendant named in the notice and bind a purchaser by all proceedings taken in the action after such filing.  *See* N.Y. C.P.L.R. § 6501.  The notice of pendency is "'an extraordinary privilege,'" which permits a party to hinder the transfer of another's property without judicial intervention.  *See Richard J. Zitz, Inc. v. Pereira*, 965 F. Supp. 350, 354 (E.D.N.Y. 1997) (quoting *Israelson v. Bradley*, 308 N.Y. 511, 516 (1955)).  "[T]he New York Court of Appeals has required strict compliance with the statutory procedural requirements" of the notice of pendency.  *Richard J. Zitz*, 965 F. Supp. at 354 (internal quotation marks omitted) (citing *5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 320-21 (1984)).

The Court finds that Plaintiff's notice of pendency is ineffective.  The failure to file a complaint with the notice renders Plaintiff's notice defective and void.  *See Chateau Rive Corp. v. Riverview Partners, LP*, 18 A.D.3d 492, 493 (3rd Dep't 2005) ("[W]here, as here, *no* complaint was filed with the notice of pendency, it follows that the notice was defective and void from the beginning . . . .)."  However, successive notices of pendency are permitted to be filed when prosecuting a foreclosure action to final judgment.  *See Slutsky v. Blooming Grove Inn, Inc.*, 147 A.D.2d 208, 212 (2d Dep't 1989).

In consideration of whether there are clearly established grounds for the foreclosure of the mortgage, the Court finds that Plaintiff's motion must be denied without prejudice.  The failure to file a complaint with the notice of pendency, as statutorily required, rendered Plaintiff's notice

defective and void. Accordingly, the Court directs that the notice of pendency filed with the Clerk of Onondaga County in the State of New York is vacated.[3] Without a valid notice of pendency filed twenty days before a final judgment, Plaintiff has not complied with the statutory requirements of RPAPL § 1331. As such, Plaintiff's motion for default judgment must be denied.

### IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **DENIED**; and the Court further

**ORDERS** that the Clerk of Onondaga County in the State of New York vacate Plaintiff's notice of pendency filed on December 8, 2015; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on the Clerk of Onondaga County in the State of New York by Certified Mail, Return Receipt Requested, and file the returned receipt using the Court's electronic filing system; and the Court further

**ORDERS** that Plaintiff is permitted to resubmit this motion for default judgment upon the submission of a letter indicating that request together with a copy of a properly filed notice of pendency.

**IT IS SO ORDERED.**

Dated: December 23, 2016
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[3] It should be noted that vacating a notice of pendency and cancelling a notice of pendency "are two different concepts in New York." *See In re Murphy*, 331 B.R. 107 (Bankr. S.D.N.Y. 2005). Vacating a notice of pendency is used when a party did not meet the requirements of the CPLR and, therefore, the notice was improperly issued. *See id.* Cancelling a notice of pendency is pursuant to the statutory reasons enumerated within CPLR § 6514 or § 6515. *See id.*