**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DITECH FINANCIAL LLC,**
*formerly known as* **GREEN TREE**
**SERVICING LLC,**

        **Plaintiff,**

 vs.              5:15-cv-1455
                  (MAD/TWD)

**DEVON STERLY,** *also known as*
**DEVON BAILEY; SYNCHRONY**
**BANK,** *formerly known as* **GE CAPITAL**
**BANK,** *formerly known as* **GE MONEY**
**BANK,**

        **Defendants.**
_____

**APPEARANCES:**         **OF COUNSEL:**

**GROSS POLOWY, LLC**      **AMY E. POLOWY, ESQ.**
Williamsville Office
1775 Wehrle Drive, Suite 100
Williamsville, New York 14221
Attorneys for Plaintiff

**GROSS POLOWY, LLC**      **STEPHEN J. VARGAS, ESQ.**
Westbury Office
900 Merchants Concourse, Suite 412
Westbury, New York 11590
Attorneys for Plaintiff

**WHITELAW, FANGIO LAW FIRM**  **MARRY LANNON FANGIO, ESQ.**
247-259 West Fayette Street
Syracuse, New York 13202
Attorney for Defendant Sterly

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

  Plaintiff Ditech Financial LLC ("Plaintiff") commenced this action on December 8, 2015

pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL")

to foreclose a mortgage encumbering 4523 Broad Road, Syracuse, New York 13215, together with the land, buildings, and other improvements on the property. *See* Dkt. No. 1. Presently before the Court is Plaintiff's motion for reconsideration. *See* Dkt. No. 35. For the following reasons, the motion is granted.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will be denied "where the moving party seeks solely to relitigate an issue already decided." *See id.* "Accordingly, earlier decisions in a case 'may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *In re Edny Cathode Ray Tube Antitrust Cases*, No. 17-CV-4504, 2017 WL 4351503, *1 (E.D.N.Y. Sept. 29, 2017) (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP*, 322 F.3d 147, 167 (2d Cir. 2003)).

Plaintiff filed its first motion for default judgment in this case on April 18, 2016. *See* Dkt. No. 20. The Court denied the motion in a December 23, 2016 Memorandum-Decision and Order ("December Order"). *See* Dkt. No. 25. In the December Order, the Court found that Plaintiff had met all of the procedural requirements for a default judgment and all of the common law requirements to foreclose on its mortgage. *See id.* at 5, 7. However, the Court found that Plaintiff failed to meet one of the procedural requirements set forth in Article 13 of the RPAPL. *See id.* at 7-8. In particular, the Court determined that Plaintiff failed to properly file a notice of pendency with the Onondaga County Clerk because Plaintiff did not attach a copy of the complaint in this

action. *See id.* The December Order also ordered that the Onondaga County Clerk vacate the notice of pendency filed on December 8, 2015. *See id.* at 9.

On April 27, 2017, Plaintiff filed a letter with the Court showing that Plaintiff had, in fact, properly filed the notice of pendency in state court, including a copy of the complaint in this action. *See* Dkt. No. 30. Plaintiff subsequently filed the present motion for reconsideration of the Court's December Order. As the Court noted in the December Order, Plaintiff met all of the procedural requirements for a default judgment and all of the common law requirements to foreclose on its mortgage. Since Plaintiff properly filed the notice of pendency, Plaintiff also met the procedural requirements set forth in Article 13 of the RPAPL. Therefore, Plaintiff's motion for reconsideration is granted, and Plaintiff's motion for default judgment is also granted. Furthermore, it is not necessary for the Onondaga County Clerk to vacate the notice of pendency filed on December 8, 2015.

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration (Dkt. No. 35) of the Court's December 23, 2016 Memorandum-Decision and Order (Dkt. No. 25) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for default judgment (Dkt. No. 20) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of Onondaga County in the State of New York shall not vacate the notice of pendency filed on December 8, 2015; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Order on the Clerk of Onondaga County in the State of New York by Certified Mail, Return Receipt Requested, and file the returned receipt using the Court's electronic filing system; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 2, 2018
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge