**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DITECH FINANCIAL LLC,**
_formerly known as_ **GREEN TREE**
**SERVICING LLC,**

                                        **Plaintiff,**

         **vs.**                                        **5:15-cv-1455**
                                                        **(MAD/TWD)**

**DEVON STERLY,** _also known as_
**DEVON BAILEY; SYNCHRONY**
**BANK,** _formerly known as_ **GE CAPITAL**
**BANK,** _formerly known as_ **GE MONEY**
**BANK,**

                                        **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**GROSS POLOWY, LLC**                          **AMY E. POLOWY, ESQ.**
Williamsville Office
1775 Wehrle Drive, Suite 100
Williamsville, New York 14221
Attorneys for Plaintiff

**GROSS POLOWY, LLC**                          **STEPHEN J. VARGAS, ESQ.**
Westbury Office
900 Merchants Concourse, Suite 412
Westbury, New York 11590
Attorneys for Plaintiff

**WHITELAW, FANGIO LAW FIRM**                  **MARRY LANNON FANGIO, ESQ.**
247-259 West Fayette Street
Syracuse, New York 13202
Attorney for Defendant Sterly

**Mae A. D'Agostino, U.S. District Judge:**

                                        **ORDER**

         Plaintiff Ditech Financial LLC ("Plaintiff") commenced this action on December 8, 2015

pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL")

to foreclose a mortgage encumbering 4523 Broad Road, Syracuse, New York 13215 (the "Property"), together with the land, buildings, and other improvements on the property. *See* Dkt. No. 1. After initially denying Plaintiff's motion for default judgment, the Court granted Plaintiff's motion for reconsideration and granted a default judgment in Plaintiff's favor. *See* Dkt. Nos. 25, 36.[1] Presently before the Court is a letter from Plaintiff seeking clarification of the Court's May 2, 2018 Order granting Plaintiff's motion for default judgment. *See* Dkt. No. 39.

The Court interprets Plaintiff's letter request as a motion under Rule 60 to correct an oversight in the Court's prior Order. In particular, Plaintiff seeks clarification as to "the location of the public auction of the mortgaged premises and newspaper in which notice of the auction must be published," as well as other requirements under Article 13 of the Real Property Actions and Proceedings Law ("RPAPL"). *Id.* at 1. The Court grants reconsideration of its previous Order only to provide the information requested by Plaintiff.

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Judgment of Foreclosure and Sale is entered against Devon Sterly AKA Devon Baily in the amount of $375,581.50 with an unpaid principal balance of $203,826.88 as of February 22, 2016, with contractual interest at the rate of 6.75%, which results in a daily per diem rate of $37.69 until entry of this order and the statutory rate thereafter; and the Court further

**ORDERS** that upon said testimony and exhibits, that the amount due Plaintiff on the Note is $375,581.50 together with interest as specified herein, and that the mortgaged property at 4523 Broad Road, Syracuse, New York 13215 cannot be sold in parcels; and the Court further

---

[1] The Court presumes the parties' familiarity with the facts and procedural history of this case. For a fuller statement of the background in this case, the parties are directed to the Court's December 23, 2016 Memorandum-Decision and Order. *See* Dkt. No. 25.

**ORDERS** that the Property shall be sold pursuant to RPAPL § 1351, a deed be issued in accordance with RPAPL § 1353(1), and that the sale proceeds be distributed in accordance with RPAPL § 1354; and the Court further

**ORDERS** that the Property be sold in one parcel at public auction to the highest bidder, as authorized under RPAPL § 231(1), at the West Lobby, 2nd Floor, Onondaga County Courthouse, 401 Montgomery Street, Syracuse, New York, by Thomas Robertson, Esq., 333 East Onondaga Street, Suite 200, Syracuse, New York, 13202, who is hereby appointed Referee to effectuate the sale of the Property; that public notice of the time and place of the sale be made by the Referee in compliance with RPAPL § 231(2)(a), and published in *The Syracuse Post Standard* or in publication in compliance with RPAPL § 231; and the Court further

**ORDERS** that the Property be sold in "as is," subject to the following:

    (a) Rights of the public and others in and to any part of the Property that lies within the bounds of any street, alley, or highway; restrictions and easements of record;

    (b) Any state of facts that an accurate, currently dated survey might disclose;

    (c) Rights of tenants, occupants or squatters, if any. It shall be the responsibility of the purchaser to evict or remove any parties in possession of the Property being foreclosed. There shall be no pro-rata adjustment in favor of the purchaser for any rents that are paid for a period after the date of the foreclosure sale; and

    (d) The right of redemption of the United States of America, if any; and the Court further

**ORDERS** in accordance with RPAPL § 1353(1) that the Plaintiff or any other parties to this action may become the purchaser or purchasers at such sale, and the Referee at the time of

sale may accept a written bid from the Plaintiff or the Plaintiff's attorneys, just as though the Plaintiff were physically present to submit said bid; and the Court further

**ORDERS** that the terms of sale, to the extent they do not contradict this judgment or violate any law, shall be binding in all respects on the purchaser; and the Court further

**ORDERS** that after sale the Referee shall deposit, in his name as Referee, the initial bid deposit in his IOLA or Separate Account, in a bank or trust company authorized to transact business in New York. This account shall be used solely to complete the closing of the sale and payment of the items referenced herein as needed; and the Court further

**ORDERS** that in accordance with RPAPL § 1351(1), upon payment of the purchase price the Referee execute a deed to the purchaser; and the Court further

**ORDERS** that in accordance with RPAPL § 1354, upon payment of the purchase price the Referee is directed to make the following payments or allowance from the sale proceeds:

1st: Payment pursuant to the Referee of $500.00, which represents the statutory fees for his conducting the sale of the subject Property;

2nd: Payment by the Referee for the costs of advertising or posting as listed on bills submitted to and certified by the Referee to be correct; and

3rd: Payment to Plaintiff or its attorney for the following: (1) amount due Plaintiff in the sum of $375,581.50 including interest through February 22, 2016, together with interest at the Note rate (6.75%) until the date of entry of this Judgement, and thereafter at the statutory rate until the date of transfer of the Referee's Deed; (2) costs and disbursements in the sum of $1,130.50, which will be taxed by the County Clerk and inserted herein, with interest at the Judgment rate thereon from the date of entry hereof; (3) attorneys' fees in the sum of $2,900.00 as the

reasonable legal fees herein, with legal interest from the date of entry of judgment hereof;

4th: Payment of all taxes, assessments, and water rates that are liens upon the property and redemption of the property from any sales for unpaid taxes, assessments, or water rates that have not apparently become absolute with such interest or penalties which may lawfully have accrued thereon to the day of payment; and the Court further

**ORDERS** that Plaintiff may, after entry of this judgment, make all necessary advances for inspections and maintenance of the Property, taxes, insurance premiums or other advances necessary to preserve the Property, whether or not said advances were made prior to or after entry of judgment, so long as said advances are not included in the amount due Plaintiff awarded herein, and that the Referee be provided with receipts for said expenditures, which amounts together with interest thereon at the Note rate from the date of the expense until the date of entry of this Judgment, then with interest at the Judgment rate until the date of transfer of the Referee's Deed shall be included in the amount due Plaintiff; and the Court further

**ORDERS** that if Plaintiff is the purchaser at sale, the Referee shall not require Plaintiff to pay either a deposit or the bid amount, but shall execute and deliver to Plaintiff a Deed of the premises sold, upon the payment of the statutory fees of $500.00 for conducting the sale of the subject Property. Plaintiff shall provide the Referee with proof of the amounts paid for taxes, assessments and water rates upon recording of the deed. The balance of the bid amount shall be applied to the amounts due to the Plaintiff as specified herein and that if after applying the balance of the bid amount there is a surplus, Plaintiff shall pay it to the Referee, who shall deposit the funds. In accordance with RPAPL § 1354(4), the Referee shall take receipts for the money so

paid out by him and file the same with his report of sale, and that he deposit the surplus moneys, if any, with the Treasurer of Onondaga County within five (5) days after same shall be received and ascertainable, to the credit of this action; that the Referee make a report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom the payments were made with Clerk of the County of Onondaga within thirty (30) days of completing the sale, and executing the proper conveyance to the purchaser; and the Court further

**ORDERS** that transfer tax is not a lien upon the Property or an expense of sale, but rather an expense of recording the deed. All expenses of recording the Referee's Deed shall be paid by the purchaser and not the Referee from sale proceeds. Purchaser shall be responsible for interest accruing on real property taxes after the date of the foreclosure sale; and the Court further

**ORDERS** that the Referee make a report of sale in accordance with RPAPL § 1355(1) showing the disposition of the sale proceeds accompanied by the receipts for payments made and file it within thirty (30) days of completing the sale; and the Court further

**ORDERS** that the purchaser or purchasers at such sale be let into possession on producing the Referee's Deed; and the Court further

**ORDERS** that each and all of the Defendants in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they hereby are, barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said Property and each and every part thereof; and the Court further

**ORDERS** that the liens of Plaintiff other than the Mortgage or Mortgages that are the subject matter of this action are also foreclosed herein as though Plaintiff was named as a party

Defendant, specifically reserving to Plaintiff its right to share in any surplus monies as a result of such position as a lien creditor; and the Court further

**ORDERS** that by accepting this appointment, the Referee certifies that he is qualified for appointment in compliance with all applicable rules governing the qualification of court-appointed referees; and should the Referee be disqualified from appointment pursuant to the provisions of such rules, the Referee shall promptly notify the Appointing Judge. The appointee shall not receive any fee before filing the report of sales; and the Court further

**ORDERS** that the Referee shall not demand, accept, or receive more than the otherwise payable statutory fee of $500.00 notwithstanding any adjournment, delay, or stay of the sale July 5, 2018; and the Court further

**ORDERS** that the Referee shall not accept or retain any funds for himself or pay any funds to himself except as may comply with all applicable rules and the conditions of this decision; and the Court further

**ORDERS** that the Referee appointed herein and any party entitled to service be served with a signed copy of the Judgment of Foreclosure and Sale with Notice of Entry; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED**

Dated: July 6, 2018
      Albany, New York

**Mae A. D'Agostino**
**U.S. District Judge**

7